## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Santos Venedicto GONZALEZ ARGUETA,<br><br>*Petitioner*,<br><br>v.<br><br>LaDeon FRANCIS, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Kristi NOEM in her official capacity as Secretary of Homeland Security; Pam BONDI, in her official capacity as Attorney General.<br><br>*Respondents*. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Santos Venedicto Gonzalez Argueta is a longtime New Yorker and father to a young U.S.-citizen daughter who was detained two days ago in a racially motivated stop. His detention was part of a campaign of random, often race-based stops and detentions that result in the jailing of individuals without any individualized consideration of their circumstances; proof of removability; or flight risk. Respondents now purport to hold Petitioner in mandatory detention, without any recourse to bond, despite his longtime residence in the U.S. Because his detention is unlawful, he asks this Court to grant his petition and order his immediate release.

## PARTIES

1.      Petitioner Santos Venedicto Gonzalez Argueta is resident of Roosevelt, New York. He was detained by Respondents in Brentwood on January 20, 2026 and remains in their custody.

2.      LaDeon Francis is named in his official capacity as the Acting Field Office Director of the New York Field Office for Immigration and Customs Enforcement ("ICE") within the United

1

States Department of Homeland Security. The ICE New York Field Office is respomsible for detentions in the greater New York City area, including Nassau County. In this capacity, Mr. Francis is also responsible for the administration of immigration laws and the execution of detention and removal determinations and is a legal custodian of Petitioner. Respondent Francis's address is New York ICE Field Office Director, 26 Federal Plaza, 7th Floor, New York, New York 10278.

3.      Respondent Kristi Noem is named in her official capacity as the Secretary of Homeland Security in the United States Department of Homeland Security.  In this capacity, she is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(a) (2007); routinely transacts business in the Eastern District of New York; is legally responsible for pursuing any effort to remove the Petitioner; and as such is a legal custodian of the Petitioner. Respondent Noem's address is U.S. Department of Homeland Security, 2707 Martin Luther King Jr Ave SE, Washington, District of Columbia 20528.

4.      Respondent Pam Bondi is named in her official capacity as the Attorney General of the United States. In this capacity, she is responsible for the administration of the immigration laws as exercised by the Executive Office for Immigration Review ("EOIR"), pursuant to 8 U.S.C. § 1103(g). She routinely transacts business in the Eastern District of New York and is legally responsible for administering Petitioner's removal and custody proceedings and for the standards used in those proceedings. As such, she is the custodian of Petitioner. Respondent Bondi's office is located at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

**JURISDICTION**

5.      The federal district courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the lawfulness or constitutionality of their detention by ICE. *See, e.g., Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner was detained by Respondents on June 23, 2025.

6.      This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 2241 (habeas); 28 U.S.C. § 1331 (federal question); and Article I, § 9, cl. 2 of the United States Constitution. This Court has authority to grant declaratory and injunctive relief. 28 U.S.C. §§ 2201, 2202. The Court has additional remedial authority under the All Writs Act, 28 U.S.C. § 1651 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

**VENUE**

7.      Venue is appropriate in this district as available evidence indicates that Petitioner is detained here and his counsel and family have no way to verify if he has moved. The ICE locator currently does not list any information for Petitioner. However, he was detained in this district and last communicated with his family from the Nassau County Jail, located in this district, earlier today.

**SPECIFIC FACTS ABOUT PETITIONER**

8.      Mr. Gonzalez Argueta is a resident of Roosevelt, New York who has resided in New York since at least 2011. He has a four-year-old U.S.-citizen daughter and is stepfather to his partner's two older U.S.-citizen children, ages eight and fourteen, one of whom has a disability.

9.      Mr. Gonzalez Argueta works in siding and roofing. He resides with his partner and their three children.

10.     On information and belief, Mr. Gonzalez Argueta has no criminal history in any country.

3

11.     Mr. Gonzalez Argueta was detained at random while riding in a car with coworkers on Tuesday, January 20, 206, as they drove in Freeport. He has been unable to communiate with his family since he was detained. Earlier today, his boss attempted to visit him at Nassau County Correctional Center in East Meadow but was not allowed to see him. However, officers at the jail confirmed he was there.

## **LEGAL FRAMEWORK**

12.     Congress has authorized civil detention of noncitizens in removal proceedings for specific, non-punitive purposes. *See Jennings v. Rodriguez*, 138 S.Ct. 830, 833 (2018); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). For individuals who are "arriving" in the U.S. or who are subject to expedited removal because they have been present under two years and meet certain other requirements, mandatory detention is authorized by 8 U.S.C. § 1225(b). For individuals who are in removal proceedings following entry without inspection and who are not subject to mandatory detention based on criminal history, detention is normally authorized by 8 U.S.C. § 1226(a). Individuals with a final order of removal may be subject to mandatory or discretionary detention pursuant to 8 U.S.C. § 1231(a).

13.     Detention serves only two legitimate purposes: mitigating flight risk and preventing danger to the community. *See Zadvydas*, 533 U.S. at 690; *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020).

14.     In May 2025, the Board of Immigration Appeals held that "an applicant for admission who is arrested and detained without a warrant while arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings is detained under section 235(b) of the INA, 8 U.S.C. § 1225(b), and is ineligible for any subsequent release on bond under section 236(a) of the INA, 8 U.S.C. § 1226(a)." *Matter of Q. Li*, 29 I. & N. Dec. 66, 69 (BIA 2025).

15. On July 8, Respondents promulgated an internal memo directing ICE attorneys to argue for an even more expansive interpretation of who is subject to mandatory detention. This memo, now leaked to the public, states that "effective immediately, it is the position of DHS that [any noncitizens who have not been admitted to the country] are subject to detention under INA § 235(b) [8 U.S.C. § 1225(b)] and may not be released from ICE custody except by INA § 212(d)(5) [8 U.S.C. § 1182(d)(5)] parole. These [noncitizens] are also ineligible for a custody redetermination hearing ("bond hearing") before an immigration just and may not be released for the duration of their removal proceedings absent a parole by DHS."

16. In September 2025, the Board of Immigration Appeals adopted this legal interpretation as well. *See Matter of Yajure Furtado,* 29 I&N Dec. 216 (BIA 2025). As a result, immigration judges stopped granting release on bond pursuant to 8 U.S.C. § 1226(a) for individuals who entered the country without inspection.

17. Respondents' position on their own detention authority contradicts decades of settled precedent, which holds that individuals who entered the U.S. without inspection are governed by 8 U.S.C. § 1226(a). Regulations promulgated nearly thirty years ago provide that "[d]espite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) will be eligible for bond and bond redetermination" under Section 1226. 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997). Until recently, Respondents consistently adhered to this interpretation. *See, e.g., Matter of Garcia-Garcia*, 25 I&N. Dec. 93 (BIA 2009); *Matter of D-J-*, 23 I&N. Dec. 572 (A.G. 2003); *see also* Transcript of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954) ([Solicitor General]: "DHS's long-standing interpretation has been that 1226(a) applies to those who have crossed the border between ports of entry and are shortly thereafter apprehended.").

5

18.     Since this shift, "hundreds of district court decisions have rejected Respondents' expansive interpretation of Section 1225." *Molina v. DelLeon,* No. 25-CV-06526 (JMA), 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) (collecting cases); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

19.     In November, a district court in California also held in a series of decisions that DHS's position on bond eligibility is unlawful with respect to "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025); *see also Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). That judgement should be binding on Respondents nationwide, but instead Respondents have directed immigration judges to ignore the decision.

20.     Respondents' actions in detaining individuals like Petitioner without an individualized custody determination violates the right to due process. A person's liberty cannot be infringed upon without "adequate procedural protections." *Zadvydas*, 533 U.S. at 690-91. The Second Circuit has held that the *Matthews v. Eldridge* balancing test is applicable to determine the adequacy of process in the context of civil immigration confinement. *Velasco Lopez*, 978 F.3d at

851 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). This test requires process sufficient to mitigate the risk of erroneous deprivation of a liberty interest.

21.    Numerous courts in this circuit and across the country have held that these detentions violate not only the Immigration and Nationality Act but also the due-process clause. *See Padilla Molina v. Deleon*, No. 25-CV-06526 (JMA), 2025 WL 3718728, at *5 (E.D.N.Y. Dec. 23, 2025); *Hyppolite v. Noem*, No. 25-cv-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Guerrero v. Noem*, No. 25-cv-5881, 2025 WL 3214787 (E.D.N.Y. Nov. 18, 2025)); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, (S.D.N.Y. August 13, 2025); *Cuy Comes v. DeLeon*, No. 25 CIV. 9283 (AT), 2025 WL 3206491, at *5 (S.D.N.Y. Nov. 14, 2025); *Valdez v. Joyce*, No. 25 CIV. 4627 (GBD), 2025 WL 1707737 at *4 (S.D.N.Y. June 18, 2025).

22.    ICE officers' authority to conduct warrantless arrests is prescribed in 8 U.S.C. 1357(a)(2). That statute requires that officers have "reason to believe" a person is in the U.S. in violation of laws *and* "is likely to escape before a warrant can be obtained for his arrest." That assessment must be individualized.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE DUE PROCESS CLAUSE
### OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

23.    Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

24.    Petitioner's detention violates both the substantive and procedural components of the Due Process Clause. The Due Process Clause of the Fifth Amendment forbids the government from

depriving any person of liberty without due process of law. U.S. Const. amend. V. *See generally Reno v. Flores*, 507 U.S. 292 (1993); *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

25.     Because "[i]n this country liberty is the norm and detention 'is the carefully limited exception,'" *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (*quoting United States v. Salerno*, 481 U.S. 739, 755 (1987)), a reasoned, individualized determination is essential to ensure that detention is not an unnecessary—and thus erroneous—deprivation. Petitioner was not accorded sufficient process prior to his sudden detention by ICE. On information and belief, he received neither notice nor an opportunity to be heard as to whether detention was warranted. *See Padilla Molina*, 2025 WL 3718728, at *5; *Hyppolite*, 2025 WL 2829511, at *13; *see also Cuy Comes*, 2025 WL 3206491, at *5 (ordering immediate release where "ICE summarily detained Cuy Comes without making an individualized determination as to his risk of flight or his danger to the community, let alone affording him notice or opportunity to be heard").

26.     Respondents now contend that Petitioner is ineligible for bond under *Matter of Yajure Furtado*, 29 I&N Dec. 216 (BIA 2025). Petitioner's mandatory detention, following a summary apprehension that failed to consider his individualized circumstances, violates his right to due process.

27.     Petitioner's detention also violates his right to substantive due process. Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience.'" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 356 (S.D.N.Y. 2019) (quoting *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952)). Petitioner is a young person and recent high school graduate who poses neither a danger nor a flight risk; his detention serves no lawful purpose.

28.    Respondents' actions violate Petitioner's right to due process.

<b><u>COUNT TWO</u></b>
<b>VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT</b>

29.    Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

30.    The Administrative Procedure Act prohibits agency action which is arbitrary and capricious; contrary to constitutional right; not authorized by statute; or taken "without observance of procedure required by law." 5 U.S.C. § 706(2).

31.    An action is an abuse of discretion if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007) (*quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

32.    ICE officers' authority to conduct warrantless arrests is prescribed in 8 U.S.C. 1357(a)(2). That statute requires that officers have "reason to believe" a person is in the U.S. in violation of laws *and* "is likely to escape before a warrant can be obtained for his arrest." That assessment must be individualized.

33.    On information and belief, no individualized assessment of flight risk was conducted for petitioner. Nor did officers have sufficient evidence of his alienage to detain him.

34.    Instead, his detention was part of an operation to stop, question and detain Hispanic New Yorkers based solely on their race. Respondents' policy and practice of making warrantless arrests without the required individualized flight risk analysis is "final agency action" that violates the

9

Administrative Procedure Act. *See Escobar Molina,* 2025 WL 3465518, at *2 ("enjoin[ing] preliminarily defendants from continuing any policy or practice of conducting warrantless civil immigration arrests in the District without making individualized probable cause determinations as to each arrestee's risk of escape, as required by 8 U.S.C. § 1357(a)(2)").

35. Respondents' current construction of its detention authority, including the treatment of Petitioner as subject to mandatory detention, also violates the Immigration and Nationality Act and therefore the Administrative Procedure Act.

36. Respondents' decision to detain Petitioner and to maintain him despite no change in circumstance nor suggestion he poses a danger or flight risk is arbitrary and capricious.

**COUNT THREE**
**RELEASE PENDING ADJUDICATION**

37. Petiioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

38. Pursuant to *Mapp v. Reno*, this Court has the "inherent authority" to set bail pending the adjudication of a habeas petition when the petition has raised (1) substantial claims and (2) extraordinary circumstances that (3) "make the grant of bail necessary to make the habeas remedy effective." 241 F.3d 221, 226 (2d Cir. 2001).

39. As the overwhelming consensus among district courts confirms, Petitioner presents substantial claims. He also presents extraordinary circumstances: he is a young person and recent high school graduate now detained for no reason. His detention has separated him from his family and counsel.

40. He requests immediate release pending adjudication of the instant petition.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioners respectfully requests that this Court:

10

1. Assume jurisdiction over this matter;

2. Enjoin Petitioner's removal from the United States pending adjudication of the instant petition;

3. Order Respondents to show cause why the writ should not be granted within three days, and set a hearing on this Petition within five days of the return, as required by 28 U.S.C. § 2243;

4. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act;

5. Grant a writ of habeas corpus ordering Respondents to immediately and unconditionally release Petitioner from custody;

6. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

7. Grant such further relief as this Court deems just and proper.

Dated: Jan. 22, 2026

/s/ Paige Austin
Paige Austin
Harold A. Solis
Make the Road New York
301 Grove St.
Brooklyn, NY 11237
Tel. (718) 418-7690
Paige.Austin@maketheroadny.org
Harold.solis@maketheroadny.org

11

**CERTIFICATE OF SERVICE**

I certify that on 22 20, 2026, I electronically filed the attached the foregoing Petition for Writ of Habeas Corpus and accompanying Exhibits with the Clerk of the Court for the United States District Court for the Eastern District of New York using the CM/ECF system. Service will therefore be effected by the CM/ECF system.

/s/ Paige Austin
Paige Austin
Make the Road New York
301 Grove St.
Brooklyn, NY
Tel.: (718) 418-7690 ext. 4139
Fax: (866) 420-9169
Email: paige.austin@maketheroadny.org

*Attorney for Petitioner*

12